cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Fred Robert Scalf, III, | ) | Civil No.09cv1676 H (AJB) |
| Petitioner, | ) ) | |
| v. | ) ) | Report and Recommendation Denying Motion to Dismiss |
| John F. Salazar, Warden, | ) ) | [Doc. No. 6] |
| Respondent. | ) ) | |

Petitioner, Fred Robert Scalf, III, (hereinafter "Petitioner"), a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 3, 2009. [Doc. No. 1] On November 6, 2009, Respondent filed a motion to dismiss the Petition for writ of habeas corpus. Petitioner filed an opposition on December 9, 2009. Based upon the the parties moving papers and for the reasons set forth herein, this Court **RECOMMENDS** that Respondent's motion to dismiss be DENIED.

## *Procedural History*

The Petitioner pled guilty to two counts of lewd conduct with a minor under the age of fourteen, in violation of California Penal Code section 288, subdivision (a). The Petitioner was sentenced to 8 years in prison. The Petitioner appealed the conviction, claiming the sentencing court abused its discretion by denying his request for probation. The California Court of Appeal, Division One, affirmed

the judgment on May 18, 2007. [Lodgment 1.] The Petitioner did not file a petition for review of the judgment in the California Supreme Court.  Pet. at p. 5-6.

The Petitioner signed his a petition for writ of habeas corpus on May 14, 2008 and filed it in San Diego County Superior Court, Case No. HC 19346, on May 23, 2008.  The petition was denied on July 15, 2008. [Lodgments 2 and 3.] The Petitioner then filed a petition for writ of habeas corpus in the California Court of Appeal, Fourth Appellate District, Division One, in Case No. D053675, on September 2, 2008.  That petition was denied on October 16, 2008. [Lodgments 4 and 5.] The Petitioner then filed a petition for writ of habeas corpus in the California Supreme Court, Case NO. S168750, on December 3, 2008, which was denied on June 10, 2009. [Lodgments 6 and 7.]

The instant federal petition was signed by the Petitioner on July 24, 2009 and filed with this Court on August 3, 2009.

## *Discussion*

The provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") apply to petitions for writ of habeas corpus filed after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059 (1997) *cert denied* 522 U.S. 1069 (1998).  Because the petition in this action was filed on August 3, 2009, AEDPA applies to this case.

As noted in *Calderon v. United States District Court (Beeler)*, 128 F.3d 1283 (9th Cir. 1997), *cert. denied*, 1998 WL 23861 (1998), AEDPA amended 28 U.S.C. ¶ 2244 by adding subdivision (d)(1), which provides for a one-year limitation period for state prisoners to file habeas corpus petitions in federal court. The section states, in pertinent part:

> (d)(1)  A 1-year period of limitation shall apply to a application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitations period shall run from the latest of --
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

 (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's judgment of conviction became final on June 28, 2007.[1] The statute of limitations began to run the following day on June 29, 2007 and continued until the Petitioner filed his petition for collateral review with the San Diego County Superior Court on May 14, 2008, with a total of 320 days passing. Title 28 U.S.C. 2244(d)(2) allows the statute of limitations to be tolled during the time in which a "properly filed application for State post-conviction . . . review . . . is pending. . . ." The record presented to this Court indicates that Petitioner had petitions for writ of habeas corpus pending in California state courts between May 14, 2008 and June 10, 2009. [Lodgments 2-7.] The denial by the California Supreme Court on June 10, 2009 became final 30 days later on July 10, 2009.[2] Absent any evidence or arguments to the contrary, the Court assumes, for purposes of this analysis, that all of the petitions were "properly filed" within the meaning of AEDPA.[3]

The Petitioner signed the instant federal Petition on July 24, 2009 and it was filed with this Court on August 3, 2009.[4] As such, 14 more days passed between July 10, 2009 and July 24, 2009, bringing

---

[1] The California Court of Appeal, Division One affirmed the Judgment on May 18, 2007 and the Petitioner did not file a petition for review of the judgment with the California Supreme Court. As such, the conviction became final when the time for filing the petition for review expired forty days later on June 28, 2007.

[2] A denial of a habeas petition within the California Supreme Court's original jurisdiction is not final for 30 days. *Bunney v. Mitchell*, 262 F.3d 973, 974 (9th Cir.2001). Furthermore, "Under Bunney, . . . the California Supreme Court's denial of a petition for collateral relief does not become final until thirty days after the denial is issued." *Allen v. Lewis*, 295 F.3d 1046 (9th Cir.2002) (en banc); *see also Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir.2002) (following *Bunney* ); *Corjasso v. Ayers*, 278 F.3d 874, 879 (9th Cir.2002).

[3] The United States Supreme Court suggested in *Evans v. Chavez*, that until the California Supreme Court indicates otherwise, federal courts will operate under the assumption that California law does not differ significantly with the laws of other states with determinate timeliness rules of between 30 and 60 days. 546 U.S. 189, 199 (2006)

[4] Under the mailbox rule of *Houston v. Lack*, an incarcerated pro se prisoner's pleading is deemed filed at the moment of delivery to prison officials and has been extended to both state and federal habeas petitions for the purposes of applying the AEDPA statute of limitations. 487 U.S. 266 (1998); *Miles v. Prunty*, 187 F.3d 1104, 1106 n. 2 (9th Cir. 1999). The Respondent's state that the Petitioner constructively files the instant federal petition by signing it and delivering it to prison

the total to 334 days.  Based upon the foregoing, this Court's calculations indicate that a total of 334 days elapsed between the date the limitations period began to run and the date the instant petition was filed with this Court.  As a result, the Court finds that the Petitioner complied with the statute of limitations set forth in AEDPA, and his petition for a writ of habeas corpus was timely.

### *Conclusion*

For the reasons set forth above, the Court RECOMMENDS that the Respondent's motion to dismiss be DENIED.  This report and recommendation will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. §636 (b)(1) (1988). Any party may file written objections with the court and serve a copy on all parties by ***February 24, 2010***.  The document should be captioned "Objections to Report and Recommendation."  Any reply to the objections shall be served and filed by ***March 10, 2010.*** The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED:  February 10, 2010

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court

---

authorities on July 24, 2009. *See* Mot. at pg. 5, lines 11-12.