# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED ROBERT SCALF, III,<br><br>              Petitioner,<br>     vs.<br><br>JOHN F. SALAZAR, Warden,<br><br>              Respondent. | CASE NO. 09-cv-1676-H (AJB)<br><br>**ORDER DENYING RESPONDENT'S MOTION TO DISMISS** |

On August 3, 2009, Fred Robert Scalf, III, ("Petitioner"), a state prisoner proceeding *pro se*, filed a petitioner for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) On November 6, 2009, Respondent filed a motion to dismiss the petition as untimely. (Doc. No. 6-1 at 3.) On December 9, 2009, Petitioner filed a response. (Doc. No. 8.) On February 10, 2010, the magistrate judge issued a report and recommendation advising denial of Respondent's motion to dismiss. (Doc. No. 9 at 4.) The Court set a date for any objections to the report and recommendation to be filed no later then February 24, 2010. (Doc. No. 9 at 4.) The Court has received no objections to the report and recommendation. For the reasons discussed below, the Court adopts the report and recommendation and denies Respondent's motion to dismiss.

////

////

## BACKGROUND

Petitioner pled guilty to two counts of lewd conduct with a minor under the age of fourteen in violation of California Penal Code section 288(a). (Doc. No. 1 at 2.) Petitioner was sentenced to eight years in prison. (Doc. No. 1 at 2.) Petitioner appealed the conviction claiming the sentencing court abused its discretion by denying his request for probation. (Lodg. 1.) On May 18, 2007, the California Court of Appeal, Division One, denied the appeal. (Lodg. 1.) Petitioner did not file a petition for review with the California Supreme Court.

On May 14, 2008, Petitioner signed a petition for a writ of habeas corpus and filed it with the San Diego County Superior Court on May 23, 2008. (Lodg. 2.) On July 15, 2008, the court denied the petition. (Lodg. 3.) On September 2, 2008, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal. (Lodg. 4.) On October 16, 2008, the court of appeal denied the petition. (Lodg. 5.) On December 3, 2008, Petitioner filed a petition with the California Supreme Court. (Lodg. 6.) On June 10, 2009, the California Supreme Court denied the petition. (Lodg. 7.) On July 24, 2009, Petitioner signed a petition for writ of habeas corpus and filed it with this Court on August 3, 2009. (Doc. No. 1.)

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs all habeas corpus petitions filed after April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 326-27 (1997). AEDPA provides a one year limitation period for state prisoners to file habeas corpus petitioners in federal court. 28 U.S.C. § 2244(d)(1) (2006). The limitation period begins running from the latest date of final judgment based on either the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A) (2006). The California Supreme Court's denial of a habeas petition is not final until thirty days after it is filed. Bunney v. Mitchell, 262 F.3d 973, 974 (9th Cir. 2001). The limitation period is not counted during the time a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgement or claim is pending. 28 U.S.C. § 2244(d)(2) (2006). An application is "pending" during the intervals between a lower court's denial of a habeas petition and Petitioner's filing of appeal with a higher court if the filing is timely under

state law. Evans v. Chavis, 546 U.S. 189, 191 (2006). California requires petitions to be filed in a "reasonable time." Evans v. Chavis, 546 U.S. 189, 192 (2006). Thirty to sixty days is assumed to be a reasonable time until the California Supreme Court states otherwise. Evans v. Chavis, 546 U.S. 189, 201 (2006); Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010). Under the "prison mailbox rule," a prisoner's federal habeas corpus petition is deemed filed when he hands it over to prison authorities for mailing to the district court. Houston v. Lack, 487 U.S. 266, 270 (1988); Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001).[1]

Here, Petitioner's habeas petition is timely because it was filed three hundred and thirty four (334) days after the limitations period began to run. Bunney, 262 F.3d at 974; Huizar, 273 F.3d at 1222. On June 28, 2007, Petitioner's conviction became final because the time for filing a petition for review expired. 28 U.S.C. § 2244(d)(1)(A). (Lodg. 1.) On June 29, 2007, the limitation period began running. See Fed. R. Civ. P. 6(a)(1). On May 14, 2008, the limitation period was tolled because Petitioner signed his habeas petition for review with the San Diego County Superior Court. Huizar, 273 F.3d at 1222. (Lodg. 2.) At this point, the limitation period had run for three hundred and twenty (320) days. Petitioner then filed habeas petitions with appellate California courts within sixty days of each denial he received. (Lodg. 3-7.) On July 10, 2009, the California Supreme Court's denial of Petitioner's habeas petition became final. Bunney, 262 F.3d at 974. (Lodg. 7.) Accordingly, Petitioner's case was "pending" from May 14, 2008 until July 10, 2009, and the limitation period was tolled during this time period. Chaffer, 592 F.3d at 1048. On July 24, 2009, Petitioner signed his federal petition and it was filed with this Court on August 3, 2009. (Doc. No. 1.) Fourteen (14) days passed between the final ruling of the California Supreme Court and the filing of this petition. Therefore, the limitation period was running for three hundred and thirty four (334) days. Accordingly, the Court finds Petitioner's petition was timely and in compliance with the limitation period of AEDPA. 28 U.S.C. § 2244(d) (2006).

---

[1] Respondent states Petitioner constructively filed his petitions by signing them. (Doc. No. 6-1 at 1, n. 1.) The Court agrees and uses the signing date on Petitioner's petitions for determining application of the mailbox rule.

**CONCLUSION**

For the reasons stated above, the Court adopts the report and recommendation and denies Respondent's motion to dismiss. The Court further orders:

1. Respondent shall file and serve an answer to the petition, as well as points and authorities in support of such answer, no later then **April 2, 2010**. Along with the answer, Respondent shall lodge with the Court all records bearing on the merits of Petitioner's claims. The lodgments shall be accompanied by a notice of lodgment which shall be captioned "Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case — To Be Sent to Clerk's Office." Respondent shall not combine separate pleadings, orders, or other items into a combined lodgment entry. Each item shall be numbered separately and sequentially.

2. Petitioner may file a traverse to matters raised in the answer no later then **May 3, 2010**. Any traverse by Petitioner shall: (1) state whether Petitioner admits or denies each allegation of fact contained in the answer; (2) be limited to facts or arguments responsive to matters raised in the answer; and (3) not raise new grounds for relief that were not asserted in the Petition. No traverse shall exceed ten (10) pages in length absent advance leave of Court for good cause shown.

**IT IS SO ORDERED.**

DATED: March 2, 2010

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:

All parties of record.