# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED ROBERT SCALF, III,<br><br>　　　　　　　　　　Petitioner,<br><br>　　vs.<br><br>JOHN F. SALAZAR, Warden<br><br>　　　　　　　　　　Respondent. | Civil No.　09-CV-01676-H (MDD)<br><br>**ORDER:**<br><br>**(1) DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**(2) DENYING CERTIFICATE OF APPEALABILITY** |

On August 3, 2009, Fred Robert Scalf, III ("Petitioner"), a state prisoner proceeding *pro se* filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Petitioner seeks the abrogation of his guilty pleas to two counts of sexual misconduct with a minor. (Doc. No. 1, at 2.) Specifically, Petitioner contends that (1) the San Diego County Superior Court erred in excluding certain unauthenticated letters in collateral review of his habeas petition; (2) that Petitioner's trial counsel provided ineffective assistance in advising him to plead guilty; and (3) that the trial court erred in failing to inform him that he was presumptively ineligible for probation. (Doc. No. 1, at 13-15, 16-26, 27-38.) On May 25, 2011, the magistrate judge issued a Report and Recommendation that the Court deny Petitioner's habeas petition. (Doc. No. 16.) Petitioner did not file objections by the June 20, 2011 deadline. (See Doc. No. 16, at 13.) For the reasons set forth below, the Court **DENIES** Petitioner's habeas petition, and adopts the Report and Recommendation.

## I.   Background

On March 8, 2006, acting on the advice of counsel, Petitioner entered a guilty plea to two counts of lewd and lascivious conduct with a minor under the age of 14. (Lodg. No. 10, at 1.) Specifically, Petitioner admitted to having "touched [his stepdaughter] under [her] clothing in the genital area, the breasts, and on her buttocks." (Lodg. No. 6, at 2.) During Petitioner's plea hearing, the following colloquy, between Petitioner and the trial court, ensued:

> Q. I see you have reached an agreement with the Office of the District Attorney. You are going to plead guilty to two charges, Counts One and Three. You are going to admit the allegation on each of those counts. [¶] In exchange for that plea, the District Attorney's Office then will dismiss all of the other charges. [¶] The issue of sentence will be decided by the Court. All options are open. The District Attorney's Office is free to argue for whatever they think is a fair sentence, including a prison term. I will consider all of the options, and I know that your lawyer is going to undertake an effort on your behalf to convince me that a probationary sentence will be appropriate and not a state prison sentence. I have made no commitment other than to give full consideration to all options. [¶] I trust that is consistent with what you have been told.
>
> A. Yes, sir, it is.
>
> Q. Anybody promise you anything else?
>
> A. No, sir.

(Lodg. 2, RT 2:2-24 (emphasis added).)

> Q. Now, the maximum penalty for these two felonies would be the result of a consecutive sentence. If the maximum penalty were to be imposed, it would be ten years in the California state prison . . . . [¶] You are aware of that?
>
> A. Yes, sir, I am. . . .
>
> Q. This is a case where it's presumed that you will be sentenced to state prison. The Court needs to make some specific findings in order to consider probation, and one of the findings is that a – the probationary sentence would be in the best interest of the victim. [¶] Do you understand that?
>
> A. Yes, sir, I do.

(Lodg. 2, RT 3:19-4:12 (emphasis added).)

On August 11, 2006, following entry of Petitioner's guilty pleas, the trial court sentenced Petitioner to prison for eight years, finding that probation would not be in the best interest of the victim. (Lodg. No. 2, at 19-21; Lodg. No. 10, at 1.) Petitioner appealed, claiming that the trial

court abused its discretion by sentencing him to prison rather than placing him on probation. (Lodg. No. 3.) The Court of Appeal affirmed the judgement. (Lodg. No. 6.)

On May 21, 2008, Petitioner filed an unsuccessful habeas petition with the San Diego County Superior Court, alleging essentially the same claims stated here. (See Lodg. No. 7.) In denying his habeas petition, the court declined to consider certain unauthenticated letters proffered in support of Petitioner's ineffective assistance of counsel ("IAC") claim. (Lodg. No. 8, at 3-4.) Petitioner thereafter filed habeas petitions in the Court of Appeal, (Lodg. No. 10), and the California Supreme Court, (Lodg. No. 12), both of which were denied. On August 3, 2009, Petitioner filed this federal habeas petition. (Doc. No. 1.)

## II.    DISCUSSION

### A.    Standard of Review

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

A federal court may not grant an application for writ of habeas corpus on behalf of a person in state custody with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States;" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Woodford v. Visciotti, 537 U.S. 19, 24-26 (2002); Early v. Packer, 537 U.S. 3, 8 (2002); Williams v. Taylor, 529 U.S. 362, 405-09 (2000).

"Clearly established [f]ederal law" refers to the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision. Lockyer v.

Andrade, 538 U.S. 63 (2003). A state court's decision is "contrary to" clearly established federal law if: (1) it applies a rule that contradicts governing Supreme Court law; or (2) it "confronts a set of facts . . . materially indistinguishable from a decision of the Supreme Court but reaches a different result. See Early, 537 U.S. at 8; Williams, 529 U.S. at 405-06.

"Unreasonable application" requires the state court decision to be "objectively unreasonable, not just incorrect or erroneous." Lockyer, 538 U.S. at 65; Wiggins v. Smith, 539 U.S. 510, 520-21 (2003); see also Clark v. Murphy, 331 F.3d 1062, 1068 (9th Cir. 2003), cert. denied 540 U.S. 968 (2003). More specifically, to establish an "unreasonable application" of clearly established Supreme Court precedent, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 131 S.Ct. 770, 786-87 (2011).

A state court decision involves an "unreasonable application" of governing Supreme Court law if the state court: (1) identifies the correct governing Supreme Court law but unreasonably applies the law to the facts; or (2) unreasonably extends a legal principle from governing Supreme Court law to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. Williams, 529 U.S. at 407. Under this prong, a federal court may grant habeas relief "based on the application of a governing legal principle to a set of facts different from those of the case in which the principle was announced." Lockyer, 538 U.S. at 76; see also Woodford v. Visciotti, 537 U.S. at 24-26 (state court division "involves 'an unreasonable application' of clearly established federal law if it identifies the correct governing Supreme Court law but unreasonably applies the laws to the facts). "Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003) (citing 28 U.S.C. § 2254(e)(1)); see, e.g., Moses v. Payne, 555 F.3d 742, 745 n.1 (9th Cir. 2009).

Where there is no reasoned decision from the state's highest court, the Court "looks through" to the underlying appellate court decision. Ylst v. Nunnemaker, 501 U.S. 797, 801-06 (1991); Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008). If the dispositive state court order does not "furnish a basis for its reasoning" because the state courts rejected a claim without comment, federal habeas courts must conduct an independent review of the record to determine whether the state courts' unexplained decisions were contrary to, or involved an unreasonable application of, "clearly established" governing Supreme Court law. See Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000) (overruled on other grounds by Lockyer, 538 U.S. at 75-76); accord Himes v. Thompson, 336 F.3d 848 (9th Cir. 2003).

"Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). A court need not cite Supreme Court precedent when resolving a habeas corpus claim. Early, 537 U.S. 3, 8 (2002). The court should examine whether the last reasoned decision reached by the state court was contrary to Supreme Court law. Hernandez v. Small, 282 F.3d 1132, 1140 (9th Cir. 2002); see also Harrington, 131 S.Ct. at 784. "[S]o long as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent]," the state court decision will not be "contrary" to clearly established federal law. Early, 537 U.S. 3, 8 (2002).

### B. Superior Court's Exclusion of Evidence

Petitioner argues that the San Diego County Superior Court erred when it excluded certain letters he proffered in support of his habeas petition as "unauthenticated self-serving statements." (Doc. No. 1, at 26.) This claim challenges the exercise of a state court's discretion to determine the admissibility of evidence under state law, a matter that is not cognizable to federal habeas relief. See Estelle v. McGuire, 502 U.S. 62, 72 (1991). Accordingly, the Court declines to review Petitioner's first claim.

///

///

### C. Ineffective Assistance of Counsel

Petitioner alleges that his "trial counsel rendered I.A.C. . . . when his advice to [Petitioner] resulted in a plea of guilt[y] to the under[lying] offenses." (Doc. No. 1, at 29.) Specifically, Petitioner argues that trial counsel falsely advised him that, under the plea agreement, he would be eligible for probation and face a maximum sentence of three years. (Id. at 29-30, 40.) Petitioner "contends that had he known that the plea agreement was not the range he alleges counsel told him, he would not have signed such agreement . . . ." (Id. at 35.)

A claim of IAC in the plea bargaining context is cognizable to federal habeas review. See Hill v. Lockhart, 474 U.S. 52, 56-58 (1985). To prevail on a claim for IAC, a claimant must prove (1) that counsel's performance was objectively unreasonable, and (2) that any deficiencies in counsel's performance were prejudicial. Strickland v. Washington, 466 U.S. 668, 688, 692 (1984). In establishing that counsel's performance was unreasonable, it is not enough to show that counsel inaccurately predicted the length of the sentence ultimately imposed. Doganiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990) (Counsel predicted a twelve year sentence; defendant ultimately received fifteen); Iaea v. Sun, 800 F.2d 861, 865 (9th Cir. 1986). Further, in IAC claims, there is a "strong presumption" that counsel exercised reasonable professional judgment. Cullen v. Pinholster, 131 S.Ct. 1388, 1403 (2011). Finally, to establish prejudice, a claimant must show that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The probability of a different result "must be substantial, not just conceivable." Harrington v. Richter, 131 S.Ct. 770, 791-92 (2011).

Here, the trial court mitigated any prejudice by advising Petitioner at his plea hearing that "if a maximum penalty were imposed, it would be ten years in California state prison." (Lodg. No. 2, RT 3:19-4:12.) Because the trial court informed Petitioner that the ten year maximum was still a viable sentence moments before he pled guilty, Petitioner cannot credibly assert that, but for Counsel's prediction of three years, he would not have accepted the plea agreement. See Strickland, 466 U.S. at 694. Where, as here, a trial court explains to a defendant that it maintains discretion over sentencing, it mitigates any prejudice stemming from counsel's inaccurate

prediction of the sentence. See Doganiere, 914 F.2d at 168. Similarly, if counsel misadvised Petitioner that he was presumptively eligible for parole, that advice was not prejudicial; the trial judge informed Petitioner that "it's presumed that you will be sentenced to state prison," not placed on probation. (Lodg. No. 2, RT 3:19-4:12.) Further, counsel's prediction that Petitioner would face a three year sentence if he accepted the plea agreement, while inaccurate, was not objectively unreasonable. See Iaea, 800 F.2d at 865. Thus, Petitioner has not established that counsel's advice was objectively unreasonable as to the predicted sentence, and prejudicial as to both the predicted sentence and parole eligibility. Accordingly, Petitioner has failed to prove his IAC claim. See Strickland, 466 U.S. at 688.

### D. Trial Court's Advisement of Probation Eligibility

Petitioner alleges that the "trial court erred when it misinformed the appellant during plea hearing that appellant was eligible for parole." (Doc. No. 1, at 40.) Petitioner further argues that the Trial Court abrogated its "judicial responsibility to inform [Petitioner] of his presumptive probation ineligibility." (Doc. No. 1, at 42.) The Court concludes that both claims are factually inconsistent with the plea hearing record.

To be valid, a defendant's guilty plea must be made knowingly, intelligently, and voluntarily. Brady v. United States, 397 U.S. 742, 748 (1970). The defendant must be informed of the direct consequences of the plea. See Boykin v. Alabama, 395 U.S. 238, 242-44 (1969).

Here, the trial judge accurately informed Petitioner that "it's presumed that you will be sentenced to state prison. The Court needs to make some specific findings in order to consider probation, and one of the findings is that a – the probationary sentence would be in the best interest of the victim." (Lodg. No. 2, RT 3:19-4:12.) Petitioner responded that he was aware of these facts. (Id.) This colloquy demonstrates that Petitioner knew he was presumptively ineligible for probation. See Little v. Crawford, 449 F.3d 1075, 1081 (9th Cir. 2006) (holding that because the trial court advised appellant that he would be serving actual jail time, he was "aware probation was not an option."). Further, the trial court's statement that it could be "convince[d] . . . that a probationary sentence will be appropriate," (Lodg. No. 2, RT 2:2-24), does not misstate Petitioner's probationary status. Under California Penal Code §

1203.066(d)(1), though Petitioner was presumed ineligible for probation, he was still eligible if he could prove, among other criteria, that "probation is in the best interest of the child victim." See Cal. Penal Code § 1203.066(d)(1)(A). The trial court did not err in suggesting that Petitioner was probation-eligible because it simultaneously informed Petitioner that he would have to overcome the opposite presumption. Accordingly, Petitioner made his plea knowingly and intelligently, with an appreciation of its impact on his probation eligibility. See Brady, 397 U.S. at 748.

### E. Evidentiary Hearing

Petitioner seeks an evidentiary hearing so that acquaintances and family members may authenticate and explain letters they wrote in support of Petitioner's claim. (Doc. No. 1, at 27-28.) Petitioner argues that these letters corroborate his reliance on the alleged misrepresentation of counsel that he would receive a three-year sentence. (Doc. No. 1, at 30.) In habeas proceedings, "an evidentiary hearing is not required on issues that can be resolved by reference to the state court record." Totten v. Merkle, 137 F.3d 1172, 1176 (9th Cir. 1998); Campbell v. Wood, 18 F.3d 662, 679 (9th Cir. 1994). Further, pursuant to 28 U.S.C. § 2254(e)(2)(ii), an evidentiary hearing is not warranted unless the claim relies on "a factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2)(ii).

Here, both Petitioner's IAC and trial court error claims can be resolved with reference to the record of Petitioner's plea hearing. Further, the Superior Court, (see Doc. No. 1-1, at 42), the Court of Appeal, (see Doc. No. 1-1, at 49), and this Court all previously considered the factual predicate adduced from the letters–that Petitioner relied on Counsel's representation of a three-year sentence. (See, e.g., Doc. No. 1-1, at 14). Accordingly, an evidentiary hearing is unwarranted.

///

///

///

### III. CONCLUSION

For the reasons set forth above, the Court **DENIES** Petitioner's petition for writ of habeas corpus and adopts the Report and Recommendation. The Court also **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

Dated: June 30, 2011

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT